NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEWIS D. YOUNG,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1133

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-3388, Judge Joseph L. Falvey, Jr.

---

Decided:  June 4, 2020

---

LEWIS D. YOUNG, Horn Lake, MS, pro se.

MARIANA TERESA ACEVEDO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; BRIAN D. GRIFFIN, BRYAN THOMPSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

––––––––––––––––––––––

Before PROST, *Chief Judge,* REYNA and TARANTO, *Circuit Judges.*

PER CURIAM.

After about five years in the United States Navy, Lewis Young was discharged from service in 1989 because of a left knee condition.  Upon discharge, he received disability severance pay from the Navy.  A few months later, he was granted disability benefits for the knee condition from the Department of Veterans Affairs (VA), which informed him that those benefits would not be paid to him until the severance payment was recouped.  In 1992, Mr. Young failed to comply with a requirement to appear at a medical-examination appointment, and in 1993 the VA terminated the disability benefits.

In 2012, Mr. Young applied to the VA for a resumption of disability benefits.  Although the VA granted the claim, it informed Mr. Young that he would not receive any benefits until the yet-unrecouped part of the 1989 severance payment had been recouped.  Mr. Young appealed the decision to resume the recoupment to the VA's Board of Veterans' Appeals, arguing that the termination of benefits two decades earlier was unlawful and, had that error not occurred, the recoupment would already have been completed.  The Board rejected the argument.  The Court of Appeals for Veterans Claims (Veterans Court) affirmed. *Young v. Wilkie*, 2019 WL 4742990 (Vet. App. Sept. 30, 2019).

Mr. Young appeals.  Because he has identified no legal error committed by the Veterans Court in rejecting his challenge, we dismiss the appeal for lack of jurisdiction.

I

Mr. Young began serving in the Navy in August 1984. In July 1989, he was discharged because of a left knee

condition and received a disability severance payment of $22,032 from the Navy. Shortly thereafter, Mr. Young applied for VA disability benefits for the knee condition, and in October 1989, the relevant regional office of the VA determined that Mr. Young's knee condition was connected to his Navy service and assigned him a 10% disability rating. But, in accordance with 10 U.S.C. § 1212(d)(1), the regional office also determined that it would withhold benefits until the $22,032 severance payment was recouped.

In October 1992, the VA informed Mr. Young that it was "going to schedule [him] for an examination to see if [his] disability ha[d] changed." The VA implored Mr. Young to "be sure to show up for the examination" and stated that it could "lower or stop [his] benefit payments if [he] d[id] not keep the appointment without a good reason." The VA subsequently scheduled Mr. Young's examination for November 2, 1992.

Mr. Young did not attend the examination. In December 1992, the VA sent Mr. Young a letter stating that it would terminate his benefits if he did not "agree to report for the examination." In March 1993, after Mr. Young failed to schedule an examination, the VA terminated his benefits, sending him a letter informing him of the termination, and thus ceased recouping Mr. Young's severance payment.

In January 2012, Mr. Young submitted a disability claim for the same knee condition. The regional office granted the claim but informed Mr. Young that the VA had previously recouped only $3,139 of his severance payment (during the earlier disability-benefits period, from August 1989 to March 1993) and that it needed to recoup an additional $18,893 before paying any benefits to him. Mr. Young appealed the resumption of recoupment. He argued that the VA should disregard the March 1993 termination and act on the assumption that it had never occurred—which, if true, would have meant that the 1989 severance

payment would have been fully recouped well before 2012, leaving nothing left to recoup when beginning payment of the new benefits. The reason to disregard the 1993 termination, Mr. Young asserted, was that the VA had not sent him notice of the November 1992 medical examination or of the March 1993 decision to terminate his benefits.

In April 2018, the Board affirmed the regional office's decision. The Board noted that the "presumption of regularity" obligated Mr. Young to present clear evidence that the VA had failed to provide him notice of the March 1993 termination decision (or of the December 1992 warning of termination). S.A. 12–13. Because Mr. Young had not submitted such evidence, the Board "presume[d] that the December 1992 and March 1993 letters were sent to Mr. Young" and concluded that Mr. Young could not challenge the VA's 1993 termination of benefits. S.A. 13.

Mr. Young appealed to the Veterans Court and submitted, for the first time, a handwritten letter that he had sent to the VA in December 1992. Appellant's Rebuttal Br. at 3, *Young v. Wilkie*, 2019 WL 4742990 (Vet. App. Sept. 30, 2019). Arguing that this letter was proof that he had responded to the VA's request to schedule an examination, Mr. Young "request[ed] it be placed into the file, and submitted at Page 561." *Id.*

In September 2019, the Veterans Court denied Mr. Young's appeal, concluding that Mr. Young had "received proper notice that VA intended to stop payment of and recoupment from his disability compensation and then received proper notice when VA stopped both activities." *Young,* 2019 WL 4742990, at *3. In that circumstance, because Mr. Young in 1993 had "failed to appeal those determinations," the Veterans Court could "not disturb the finality of those decisions." *Id.* Addressing the newly submitted December 1992 letter from Mr. Young, the Veterans Court wrote that the "time for Mr. Young to raise any

potential procedural issue was before VA" and thus "de-cline[d] to consider the issue." *Id.* at \*5.

Mr. Young timely appealed to this court. We have jurisdiction to consider legal issues raised by the Veterans Court's decision. *See* 38 U.S.C. § 7292(d)(1). Where, as here, no constitutional issue is presented, we do not have jurisdiction to review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." *Id.*, § 7292(d)(2).

## II

Mr. Young's appeal depends on challenging the termination of benefits in March 1993. But he has raised no constitutional issue and identified no legal error in the Veterans Court's decision that the March 1993 termination has long been final. For that reason, Mr. Young's appeal is outside our jurisdiction.

Affirming the Board, the Veterans Court determined, based on the presumption of regularity and the record evidence, that the VA sent Mr. Young notice of the March 1993 termination. *Young,* 2019 WL 4742990, at \*1, \*3. No legal error has been identified in that determination, which we therefore lack jurisdiction to question. *See Butler v. Principi*, 244 F.3d 1337, 1340 (Fed. Cir. 2001). Once that determination about notice of the 1993 termination is accepted, it follows as a matter of well-established law that the 1993 termination became final when Mr. Young did not appeal it. *Cook v. Principi*, 318 F.3d 1334, 1336–37 (Fed. Cir. 2002); 38 U.S.C. § 7105(c). Mr. Young has not invoked the statutory exceptions to finality of a regional office decision for new and material evidence and clear and unmistakable error. *See Cook*, 318 F.3d at 1337 (discussing 38 U.S.C. §§ 5108, 5109A). There is, accordingly, no basis within our limited grant of jurisdiction for us to question the termination of benefits in March 1993.

Mr. Young asserts that he did not receive notice of the November 1992 medical-examination appointment—his absence from which, and subsequent failure to schedule a substitute appointment, led to the March 1993 termination of benefits. In support of that assertion, Mr. Young has relied on a letter he sent to the VA in December 1992. The Veterans Court, besides questioning the implications of that letter, explained that Mr. Young had failed to submit that letter to the Board, making the submission too late. *Young,* 2019 WL 4742990, at *4–5. Mr. Young identifies no statement of an incorrect legal standard in that conclusion. *See*, *e.g.*, *Scott v. McDonald*, 789 F.3d 1375, 1377 (Fed. Cir. 2015). In any event, the letter cannot help Mr. Young here even if it established an absence of notice of the November 1992 appointment. Such absence might have been a ground for Mr. Young to challenge the March 1993 termination in a timely appeal of that termination, but it does not establish lack of notice of the termination decision itself and therefore is not a ground for disturbing the finality of that decision where the narrow exceptions to finality have not been invoked and proved applicable. Without a basis for disturbing the finality of the 1993 termination decision, Mr. Young has no basis for challenging the VA's decision to continue the recoupment of the 1989 severance payment.

## III

Because Mr. Young has not raised any challenge within our jurisdiction, we dismiss this appeal.

Each party shall bear its own costs.

**DISMISSED**